IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Christopher McDowell,<br><br>PLAINTIFF<br><br>v.<br><br>Brian P. Stirling, South Carolina Department of Corrections, Chris Florian, and David Tatarsky<br><br>DEFENDANTS | Case No. 2:16-cv-03379-TLW<br><br><br><br>**Order** |
| Henry Belton,<br><br>PLAINTIFF<br><br>v.<br><br>Brian P. Stirling, South Carolina Department of Corrections, Chris Florian, and David Tatarsky<br><br>DEFENDANTS | Case No. 2:17-cv-00620-TLW<br><br><br><br>**Order** |
| Larry Hampton,<br><br>PLAINTIFF<br><br>v.<br><br>Brian P. Stirling, South Carolina Department of Corrections, Chris Florian, and David Tatarsky<br><br>DEFENDANTS | Case No. 2:16-cv-03378-TLW<br><br><br><br>**Order** |

| | |
|---|---|
| David Payton Jr., | Case No. 2:16-cv-03380-TLW |
| PLAINTIFF | |
| v. | |
| Brian P. Stirling, South Carolina Department of Corrections, Chris Florian, and David Tatarsky | **Order** |
| DEFENDANTS | |
| Michael Smoak, | Case No. 2:16-cv-03381-TLW |
| PLAINTIFF | |
| v. | |
| Brian P. Stirling, South Carolina Department of Corrections, Chris Florian, and David Tatarsky | **Order** |
| DEFENDANTS | |

Plaintiffs filed these civil actions, consolidated for discovery, alleging constitutional violations under 42 U.S.C. § 1983 and several state law causes of action arising out of the interpretation of the South Carolina Omnibus Crime Reduction and Sentencing Reform Act of 2010 by the South Carolina Department of Corrections and two of its attorneys. These matters now come before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom these cases were assigned.

After the Fourth Circuit issued its opinion in *Campbell v. Florian*, 972 F.3d 385 (4th Cir. 2020), the magistrate judge issued an order directing Plaintiffs to show cause why the Court should not dismiss with prejudice their § 1983 claims in light of

*Campbell* and why the Court should exercise supplemental jurisdiction over the state law claims. Plaintiffs responded that they were unable to show cause why the § 1983 claims should not be dismissed with prejudice or why the Court should exercise supplemental jurisdiction over the state law claims. The magistrate judge then issued the Report, recommending that the Court dismiss with prejudice Plaintiffs' § 1983 claims and decline to exercise supplemental jurisdiction over the state law claims. Plaintiffs did not file objections to the Report.

This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court has carefully reviewed the Report. For the reasons stated by the magistrate judge, the Report is **ACCEPTED**. Plaintiffs' § 1983 claims are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and those claims are therefore **REMANDED** to the Charleston County Court of Common Pleas.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
Senior United States District Judge

November 16, 2020
Columbia, South Carolina